IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Quintin Littlejohn, ) | |
| ) | |
| ) | Civil Action No. 6:14-3224-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Barack H. Obama, *President of* ) | |
| *the USA*; ) | |
| Novant Healthcare; ) | |
| Social Security Admin., and ) | |
| J. M. Childs, *Judge*, ) | |
| ) | |
| Respondents. ) | |

The petitioner is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the petitioner's pleadings for docket control purposes. In the above-captioned mandamus action, the petitioner has brought suit against the President of the United States, a private provider of medical services, the Social Security Administration, and a United States District Judge.

The petitioner was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The petitioner currently resides in Gaffney, South Carolina.

The petition for writ of mandamus in this case reveals that the above-captioned mandamus action concerns alleged delays in rulings in the petitioner's pending civil action, *Littlejohn v. Obama, et al.*, originally docketed as Civil Action No. 7:14-0812-JMC-KFM, which arose out of the alleged cancellation of the petitioner's health insurance in 2013. In the complaint in Civil Action No. 7:14-0812-JMC-KFM, the petitioner alleged: (1) The petitioner "did get ill" in 2013 and "Defendants Health Care Plan" did not accept his insurance plan but cancelled the insurance (doc. 1 in Civil Action No. 7:14-0812-JMC-KFM, at 1); (2) the petitioner had to "gross the burden and rigors of shock" to file with the Social Security Administration to get $1400 bill paid (*Id*.); (3) the petitioner does not know if the bill has been paid or not (*Id*.); (4) the defendants have committed a willful and wanton tort (*Id*. at 2); and (5) In 2013, the defendants stated that "if Americans had insurance the plan they had would not be cancelled" (*Id*.). In his prayer for relief, the petitioner sought a "punitive settlement" of forty million dollars because of mental anguish (*Id*.). In his answers to special interrogatories in Civil Action No. 7:14-0812-JMC-KFM, the petitioner revealed that he is on Medicaid and has received a bill for $1,400 from Novant Health, which he has forwarded to the Social Security Administration (doc. 9 in Civil Action No. 7:14-0812-JMC-KFM, at 1).

In a Report and Recommendation (doc. 14 in Civil Action No. 7:14-0812-JMC-KFM) filed on March 18, 2014, the undersigned recommended that the case be summarily dismissed *without prejudice*. The petitioner filed timely written objections (doc. 16 in Civil Action No. 7:14-0812-JMC-KFM) on March 31, 2014. The petitioner has also filed various motions since the filing of the Report and Recommendation in Civil Action No. 7:14-0812-JMC-KFM. Those motions include a motion for an *in camera hearing* (doc. 18), which was denied on April 21, 2014; a motion to vacate Report and Recommendation (doc. 22) filed on May 8, 2014, a motion for summary judgment (doc. 23) filed on May 22, 2014, and a motion for default judgment (doc. 27) filed on July 15, 2014. On June 30, 2014, Civil Action No. 7:14-0812-JMC-KFM was reassigned to a different

United States District Judge. Thereby, Civil Action No. 7:14-0812-JMC-KFM became Civil Action No. 7:14-0812-BHH.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

If this case were treated as a *Bivens* action, it is subject to summary dismissal for the same reasons that the Complaint in Civil Action No. 7:14-0812-BHH is subject to summary dismissal: (1) the President of the United States is immune for actions taken in his official capacity, such as the signing into law of the Affordable Care Act; (2) federal agencies are immune from suit under the *Bivens* doctrine; and (3) Novant Health Care has not acted under color of state or federal law. Also, since the petitioner and Judge Childs are both citizens of South Carolina, complete diversity of parties is absent. 28 U.S.C. § 1332.

In the above-captioned case, the petitioner cannot obtain mandamus relief against the President of the United States or the Social Security Administration because mandamus relief is not available where a federal official's acts are discretionary in nature. *Hall v. Champayne*, Civil Action No. 3:11-3219-CMC-PJG, 2012 WL 952874, at *4 (D.S.C.

3

Feb. 27, 2012) (collecting cases), *adopted by* 2012 WL 952873 (D.S.C. Mar. 20, 2012), *aff'd*, No. 12-1459, 474 Fed.App'x. 393, 394 (4th Cir. July 23, 2012).

As to the Honorable J. Michelle Childs, United States District Judge, the above-captioned case is moot because she is no longer the presiding United States District Judge for Civil Action No. 7:14-0812-BHH. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007). Also, this court is without jurisdiction to issue a writ of mandamus against itself or a higher federal court. *See Rochester v. United States*, Civil Action No. 6:12-0586-RBH-KFM, 2012 WL 2803754, at *3 (D.S.C. Apr. 2, 2012), *adopted by* 2012 WL 2808205 (D.S.C. July 10, 2012).

Novant Health Care is subject to summary dismissal in this mandamus action because it is not a federal governmental entity, and its employees are not federal employees. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal mandamus relief not available against non-federal officials). Also, the petitioner cannot obtain damages from Novant Health Care in this mandamus action. *J. E. Brenneman Co. v. Schramm*, 473 F. Supp. 1316, 1321 (E.D.Pa. 1979) ("money damages are not available in mandamus actions").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The petitioner's attention is directed to the important Notice on the next page.

August 19, 2014                                   s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).