**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | |
| | ) | Civil Action No. 6:14-cv-03224-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Barack H. Obama, President of the USA; | ) | |
| Novant Healthcare; Social Security Admin; | ) | |
| and J. M. Childs, Judge; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Quintin M. Littlejohn ("Petitioner") filed this *pro se* Petition for Writ of Mandamus against President Barack Obama, Novant Healthcare, the Social Security Administration, and the undersigned (collectively "Respondents"). Petitioner alleges delays in adjudicating other pending civil actions he has filed. (ECF No. 1.) This action was summarily dismissed on October 6, 2014. (ECF No. 18.) This matter is before the court on Petitioner's Motion to Vacate Judgment (ECF No. 23).

For the reasons set forth herein, the court **DENIES** Petitioner's Motion to Vacate Judgment (ECF No. 23).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2014, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") recommending the court summarily dismiss this action. (ECF No. 14.) The Magistrate Judge found that mandamus relief could not be obtained against Respondent Obama or the Social Security Administration "because mandamus relief is not available where a federal official's acts are discretionary in nature." (*Id.* at 3 (citation omitted).) In addition, the Magistrate Judge found that the case is moot against the undersigned as another District Judge

1

has been assigned to the case on which Petitioner wishes to compel action.  (*Id.* at 4.)  Finally, the Magistrate Judge found that Respondent Novant Healthcare is subject to summary dismissal "because it is not a federal government entity, and its employees are not federal employees." (*Id.*)  In the Report, Petitioner was advised of his right to file objections to the report, and his obligation to do so within 14 days of the date of service.  (*Id.* at 5.)  On August 25, 2014, Petitioner filed a Motion to Dismiss.  (ECF No. 16.)

On October 6, 2014, 45 days after the Report was mailed to Petitioner, having received no objections, this court issued an Order adopting the Report and dismissing the action.  (ECF No. 18.)  Petitioner filed the Motion to Vacate Judgment on October 14, 2014.  (ECF No. 23.)

## II. LEGAL STANDARD AND ANALYSIS

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice.  *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).  The court finds that Petitioner has failed to set forth any intervening change in the law or new evidence that would alter the court's decision to dismiss Petitioner's Petition for Writ of Mandamus.  The court is also satisfied that no clear error of law or manifest injustice has resulted from its October 6, 2014, order (ECF No. 18).

In his Motion, Petitioner asserts this court had no subject matter jurisdiction in this case, as he filed this "on Judge Childs and to the Administrative Judge," and therefore Petitioner "does not except [*sic*] the judgment."  (ECF No. 23 at 1.)  Petitioner cites to 28 U.S.C. 636, Local Rule 73.02, and *Matthews v. Weber,* 423 U.S. 261 (1976), however, these all pertain to *magistrate* judges.  This case was indeed referred to Magistrate Judge Kevin F. McDonald, who reviewed

the case and offered a recommendation. (*See* ECF No. 14.) If a Magistrate Judge's review is what Petitioner seeks, he received that. However, if what he seeks is review by an Administrative Law Judge, a Petition for Writ of Mandamus is not the appropriate procedure. An Administrative Law Judge hears matters regarding federal agencies, and thus an action to compel a District Court to act would not be appropriately heard by any Administrative Law Judge. Even so, any judge would be compelled to reach the same finding as this court made in its October 6 order. As the Magistrate Judge noted, mandamus relief cannot be obtained against any of the Respondents that Petitioner names: Respondents Obama and the Social Security Administration because the acts are discretionary, Respondent Novant Healthcare because it is not a federal agency, and the undersigned because the case at issue has been reassigned. (*See Id.*) Therefore, even if Petitioner were to have his case heard by a judge of his choice, the result would be the same.

Petitioner asserts he is "up in arms" over the "inaccurate summary when the Petitioner did file a motion to Dismiss in 2014." (ECF No. 23 at 1.) The court takes this to mean Petitioner intended his Motion to Dismiss to act as an objection to the Report. In his Motion to Dismiss, Petitioner fails to specifically address any of the Magistrate Judge's findings. Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). As such, even if the court were to construe Petitioner's Motion to

Dismiss as an objection to the Report, the objections fail to meet the required specificity and the resulting order would not have changed.

In the Motion to Dismiss, Petitioner cites *Will v. United States,* 389 U.S. 90 (1967). (ECF No. 16 at 2.)  However, *Will*, aside from involving a Writ of Mandamus and a federal judge, is not analogous to this case and does not help Petitioner's argument.  To the contrary, *Will* helps to illustrate that Petitioner falls far short of his burden to obtain the writ:  "only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy."  389 U.S. at 95 (internal citation omitted).  Further, the Supreme Court noted in *Will*, "the party seeking mandamus has the burden of showing that its right to issuance of the writ is "clear and indisputable.'"  *Id.* at 96 (internal quotations and citation omitted).  Petitioner has failed to make such a showing.  Petitioner also cites to *United States v. Morgan*, 364 U.S. 502 (1954), in his Motion to Dismiss.  *Morgan* involved a Writ of Error Coram Nobis to set aside a conviction and sentence and is not analogous or applicable to this case.

Finally, in his Motion to Vacate Judgment, Petitioner claims "there is a clear error in the recommendation" (ECF No. 23 at 2), but fails to specify what that error is or why the Magistrate Judge was in error.  As such, Petitioner cannot make a showing under Rule 59(e) that the October 6 Order should be vacated.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the record in this case, it is therefore ordered that Petitioner's Motion to Vacate Judgment (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED.**

United States District Judge

November 25, 2014
Columbia, South Carolina